IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:08-401-CMC |
| v. | **OPINION and ORDER** |
| Michael Bernard Carothers, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises claims relating to alleged ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response and the matter is ripe for resolution.

Defendant was indicted on July 8, 2008, for, *inter alia*, participation in a drug conspiracy to distribute 50 grams or more of crack cocaine and 500 grams or more of cocaine, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. On September 8, 2008, Defendant appeared before this court and pleaded guilty, pursuant to a written plea agreement, to participating in this drug conspiracy. Defendant's plea agreement contained a waiver of direct appeal. On April 1, 2009, Defendant was sentenced to ninety-two months' imprisonment. Defendant did not appeal his conviction or sentence.

Defendant has timely filed this § 2255 motion, alleging ineffective assistance of counsel. Defendant contends that his counsel was ineffective in failing to file a notice of appeal after Defendant directed him to do so.

For the reasons set forth below, the court sets an evidentiary hearing in this matter relating

1

to whether Defendant directed his counsel to file a notice of appeal.

## STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

## ANALYSIS

Defendant's only ground for relief contends that trial court counsel was ineffective in failing to file a notice of appeal when Defendant specifically directed him to do so. Defendant's motion for relief is submitted under penalty of perjury, and he also submits a declaration under 28 U.S.C. § 1746 which states that "[i]mmediately after Judge Currie imposed the sentence, I instructed Leland

Greely [sic] to file an appeal. . . . Attorney Greely informed me that he would file an appeal and contact me in a couple of days to set up a time that I could come to his office to discuss the appellate process." Decl. of Michael Carothers at 1 (Dkt. # 205, filed June 14, 2010). Attorney Leland B. Greeley avers that "[a]t no time [between the time of Defendant's sentencing and the date he reported to prison] did Mr. Carothers request me to act on any appeal." Aff. of Leland B. Greeley at 1 (Dkt. # 198-2, filed May 7, 2010).

Circumstances exist where a defendant may appeal even when there is an appeal waiver in his plea agreement. For instance, a defendant may appeal an issue not within the scope of the waiver. Additionally, a defendant who had signed an appeal waiver would still be able to appeal a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). Most importantly, however, even if an appeal waiver is contained in the plea agreement, once an attorney is unequivocally told to file an appeal, the attorney is constitutionally ineffective if he fails to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007).

Mindful of these circumstances and existing case law,[1] the court determines that an evidentiary hearing is necessary to resolve this credibility determination. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the

---

[1] *See, e.g.*, *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . . Petitioner's attorney acted contrary to his client's wishes . . . prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions in his appeal waiver.").

3

prisoner is entitled to no relief." 28 U.S.C. § 2255. S*ee also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) ( hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion); and *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) (defendant entitled to evidentiary hearing on whether he instructed attorney to file an appeal, despite appeal waiver).

## CONCLUSION

A hearing is set in this matter for **Wednesday, July 28, 2010, at 9:30 a.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue of whether Defendant directed counsel to file a notice of appeal. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints the Federal Public Defender for the District of South Carolina, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 21, 2010