IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:08-401 (CMC) |
| v. | **OPINION and ORDER** |
| Michael Bernard Carothers, | |
| Defendant. | |

This matter is before the court on Defendant's motion "for Relief Against Order (Under Fed.R.Civ.P. 60(b)); to Compel Recusal pursuant to . . . 28 [U.S.C.] § 455(b)(1) . . . ." ECF No. 282.[1] Defendant argues the court "gave a bias[ed] and/or prejudicial Opinion & Order based off of inadvertance [sic] and excusable neglect as a District Judge." *Id*. at 1.

Defendant had a previous § 2255 motion which Defendant withdrew at the beginning of an evidentiary hearing held July 28, 2010. This withdrawal was with prejudice. Defendant filed a motion on July 28, 2012, which this court deemed to be a second or successive motion for relief under § 2255. It was dismissed by Opinion and Order filed July 19, 2012. Defendant did not appeal that ruling. On July 15, 2013, Defendant filed a motion seeking relief "for a Post-Conviction Sentencing under § 2255 in Accordance with U.S. Supreme Court Holdings in Dorsey v. U.S." ECF No. 278. This court dismissed Defendant's motion as a second or successive motion for relief under § 2255 on July 18, 2013. ECF No. 279. The current motion seeks reassessment of the denial of that motion, and recusal of the undersigned.

Title 28 U.S.C. § 2244 provides that

> [a] second or successive motion for postconviction relief under 28 U.S.C.A. § 2255 must be certified as provided in 28 U.S.C.A. § 2244 by a panel of the appropriate court of appeals to contain –

---

[1] Defendant also seeks to "sever" this matter pursuant to Federal Rules of Civil Procedure 20(a) and 21. ECF No. 282. This rule is inapplicable to the current matter.

1

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(h).

Defendant's motion for relief under Rule 60(b) is without merit, as the unalterable fact is that the motion dismissed by this court on July 18, 2013, is a second or successive motion for relief under § 2255. This court is without statutory jurisdiction to act upon a second or successive motion for relief absent permission from the Fourth Circuit Court of Appeals. Accordingly, Defendant's motion for relief under Rule 60(b) is denied.

As to the issue of recusal, a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial. *Id.* at 1116.

The alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from her participation in the matter. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The nature of the judge's bias must be personal and not judicial. *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984). A judge is not disqualified because her familiarity with the facts of a case stem from her judicial conduct in presiding over earlier proceedings. *United States v. Parker*, 742 F.2d 127 (4th Cir. 1984).

Because § 455 places a duty directly upon the judge to evaluate her own actions, it does not require that an affidavit be filed. *United States v. Heldt*, 668 F.2d 1238, 1271 (D. C. Cir. 1981); 13A Wright, Miller and Cooper, Fed'l Pract. & Proc., § 3550 at 629. If an affidavit or motion is filed under § 455 seeking disqualification, the judge is not bound to accept those allegations as true. *Phillips v. Joint Legislature Com., etc.*, 637 F.2d 1014, 1019, n. 6 (5th Cir. 1981). The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality. *Rice*, *supra*, p. 1116.

Defendant argues that the undersigned acted with "bias" in not allowing Defendant to proceed with his successive § 2255 motion. As discussed above, this court has no jurisdiction to allow Defendant to proceed with a successive § 2255 motion.

Accordingly, Defendant's motions for relief under Rule 60(b) and for recusal are **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 13, 2013