IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:08-401-CMC |
| v. | |
| Michael Carothers, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's motion to amend the Judgment for Revocation imposed August 30, 2017. ECF No. 373. This is Defendant's second motion with the same argument: the court should modify his revocation sentence to include credit for time served on home confinement pending his Supervised Release Revocation hearing. *See* ECF No. 365 (previous motion). As the instant motion contains the same argument, the court will construe it as a motion to reconsider its order denying Defendant's previous motion to amend the revocation judgment.[1] *See* ECF No. 366 (previous order).

Defendant's current motion to reconsider is governed by Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148

---

[1] Defendant filed an appeal of the court's denial of his previous motion to amend the revocation judgment. See ECF No. 368. In the instant motion, Defendant requests his appeal with the Fourth Circuit be withdrawn so he can move forward with this motion in this court. In addition, it appears Defendant failed to file an informal brief as ordered by the Fourth Circuit.

F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant does not allege any of the above circumstances exist. The court has already explained to Defendant it lacks jurisdiction to modify his revocation sentence, and that the Bureau of Prisons is in charge of computing sentences. Further, the pre-Guidelines version of Criminal Rule 35(a), which Defendant cites in support of his argument, was not in effect when Defendant committed his crimes or when he was sentenced. Therefore, it would not apply to his case.

For the reasons above, Defendant's motion, construed as one for reconsideration (ECF No. 373), is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 14, 2017